UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ansoni Oliverio Gonzalez,

           Petitioner,    Case No. 24-cv-11532

v.    Judith E. Levy
United States District Judge

Adam Douglas,

    Mag. Judge David R. Grand

           Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS [1], DENYING PETITIONER A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Ansoni Oliverio Gonzalez, who is confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his convictions of assault with intent to commit murder, in violation of Mich. Comp. Laws § 750.83; torture, in violation of Mich. Comp. Laws § 750.85; and making terrorist threat or false report of terrorism, in violation of Mich. Comp. Laws § 750.543m. (ECF No. 1, PageID.1.) For the reasons that follow, Petitioner's habeas

petition (ECF No. 1) is summarily dismissed without prejudice so that Petitioner may exhaust all of his claims in the state courts before seeking federal habeas relief.

I.   Background

Petitioner indicates in his habeas petition that he pleaded *nolo contendere* to the crimes of conviction listed above. (*Id.* at PageID.1.) He was sentenced in Allegan County Circuit Court on February 6, 2023. (*Id.*) Petitioner indicates that the length of his sentence of imprisonment is "210 months to 30 years." (*Id.*)

On June 15, 2023, the Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented."[1] *People v. Gonzalez*, No. 365786 (Mich. Ct. App. June 15, 2023). The court also denied Petitioner's motion to remand. *Id.* On October 31, 2023, the Michigan Supreme Court denied Petitioner's "application for leave to appeal the June 15, 2023 order of the Court of Appeals . . . because we are not persuaded that the question presented

---

[1] Under Michigan Court Rule 7.203(A)(1)(b), the Michigan Court of Appeals does not have "jurisdiction of an appeal of right filed by an aggrieved party . . . in a criminal case in which the conviction is based on a plea of guilty or nolo contendere." Mich. Ct. R. 7.203(A)(1)(b).

2

should be reviewed by this Court." *People v. Gonzalez*, 513 Mich. 889 (2023).

On June 7, 2024, Petitioner filed an application for a writ of habeas corpus without the assistance of an attorney.[2] Petitioner seeks a writ of habeas corpus on the following grounds: (1) ineffective assistance of trial counsel and (2) ineffective assistance of appellate counsel. (ECF No. 1, PageID.5, 7.) By his own admission, Petitioner's second claim was not raised in his appeal before the Michigan Court of Appeals. (*See id.* at PageID.3–4.) That claim was first raised in his application for leave to appeal to the Michigan Supreme Court. (*Id.* at PageID.4.)

## II. Legal Standard

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it

---

[2] "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (internal citations omitted); *see Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Towns v. United States,* 190 F. 3d 468, 469 (6th Cir. 1999). "[A]bsent contrary evidence," the Sixth Circuit treats a petition as having been handed to prison officials on the date the prisoner signed the petition. *Brand*, 526 F.3d at 925; *Towns,* 190 F. 3d at 469; *Goins v. Saunders*, 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Here, the petition was filed on June 7, 2024 because that is the date that Petitioner signed the petition and placed it in the prison mailing system. (*See* ECF No. 1, PageID.11.)

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*; *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011); *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999); *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As a general rule, a state prisoner seeking federal habeas relief must first exhaust their available state-court remedies before raising a claim in a habeas petition in federal court. 28 U.S.C. § 2254(b)–(c); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). Exhaustion is not jurisdictional, but "it is a threshold question that must be resolved" before a federal court may "reach the merits of any claim." *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) (citing *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000); *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)); 28 U.S.C. § 2254(b)(1). Thus, "each claim must be reviewed for exhaustion before any claim may be reviewed on the merits." *Wagner*, 581 F.3d at 415. The Court may raise the failure to exhaust state-court remedies *sua sponte*.

4

*See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003) (citing *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)).

For proper exhaustion, "each claim must have been 'fairly presented' to the state courts," which "includes a requirement that the applicant present the issue both to the state court of appeals and the state supreme court." *Wagner*, 581 F.3d at 414 (citing *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). "[S]tate prisoners in Michigan must [therefore] present their claims to the Michigan Court of Appeals and the Michigan Supreme Court before presenting them in a federal habeas corpus petition." *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973)). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner*, 581 F.3d at 414–15 (internal citations omitted). Petitioners must exhaust available post-conviction remedies in state court as well. *See id.* at 419. A habeas petitioner has the burden of proving that they have exhausted their state-court remedies. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)). If a habeas petition contains both exhausted

5

and unexhausted claims, it is a "mixed petition" and is generally subject to dismissal on exhaustion grounds. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose*, 455 U.S. at 510, 522); *Rust*, 17 F.3d at 160.

### III. Discussion

For the reasons set forth below, the Court finds it appropriate to dismiss the petition without prejudice. The Court denies Petitioner a certificate of appealability and permission to appeal *in forma pauperis*.

#### A. Dismissal of the Habeas Petition Without Prejudice

The petition is subject to dismissal because Petitioner failed to fully exhaust his second claim with the state courts[3] and because he still has an available state-court remedy with which to exhaust that claim. Moreover, the issuance of a stay and abeyance is not appropriate given the circumstances of this particular case. In addition, there is an equitable remedy available to Petitioner to preserve the opportunity for federal habeas review of his claims.

---

[3] The petition states that "Petitioner has exhausted his state appellate process." (ECF No. 1, PageID.15.) But Petitioner did not exhaust his state-court remedies with respect to his second claim involving the ineffective assistance of appellate counsel, as discussed in this Opinion and Order.

Petitioner's second claim regarding the ineffective assistance of appellate counsel is subject to the exhaustion requirement but was not fully exhausted. *See Baldwin v. Reese*, 541 U.S. 27, 30–33 (2004). Petitioner raised an ineffective assistance of appellate counsel claim for the first time in his application for leave to appeal to the Michigan Supreme Court. (ECF No. 1, PageID.3–4.) Petitioner's presentation of this claim to the Michigan Supreme Court—but not the Michigan Court of Appeals—does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) ("The general rule in the federal habeas context is that the submission of new claims to a state's highest court on discretionary review does not constitute fair presentation of the claims to the state courts." (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007))).

State post-conviction review is a petitioner's first opportunity to raise an ineffective assistance of appellate counsel claim in the Michigan courts. *See Riley v. Jones*, 476 F. Supp. 2d 696, 707 (E.D. Mich. 2007) ("The petitioner raised his ineffective assistance of appellate counsel claims at his first opportunity to do so, in his motion for relief from

7

judgment." (internal citation omitted)); *Shutter v. Bauman*, 685 F. Supp. 3d 480, 485 (E.D. Mich. 2023) ("State postconviction review would actually be the first opportunity that Petitioner had to raise an ineffective-assistance claim against his appellate counsel in the Michigan courts." (citing *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010))); *Henderson v. Palmer*, 730 F.3d 554, 561 (6th Cir. 2013) (The petitioner's "first opportunity to raise ineffective assistance of appellate counsel was on collateral review in the Michigan courts, an opportunity he took in his first motion for relief from judgment." (citing *Guilmette*, 624 F.3d at 291)). Here, Petitioner has not yet pursued post-conviction review. (ECF No. 1, PageID.3–4, 6–7.) As a result, his ineffective assistance of appellate counsel claim is unexhausted, and the petition is subject to dismissal.

The petition is also subject to dismissal because there is a way for Petitioner to exhaust his unexhausted claim. In the context of habeas cases, the exhaustion doctrine depends on whether there are available state-court procedures for a habeas petitioner to exhaust their claim. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003); *Wagner*, 581 F.3d at 419 ("Despite Petitioner's failure to present these claims to the state courts, the exhaustion doctrine would pose no bar to our review if there

8

were no longer any state avenue available with which to pursue these unpresented claims and seek adequate relief." (citing 28 U.S.C. § 2254(b)(1)(B))). In this case, Petitioner has an available state-court remedy with which to fully exhaust his ineffective assistance of appellate counsel claim: Petitioner may return to Allegan County Circuit Court and file a post-conviction motion for relief from judgment under Michigan Court Rule 6.502. *See Wagner*, 581 F.3d at 419. The denial of this motion would be reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509, 7.203, 7.303; *see Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner must therefore appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust any claims that he would raise in his post-conviction motion. *See Mohn,* 208 F. Supp. 2d at 800 ("[T]he petitioner's application for leave to appeal the denial of his state collateral challenge was rejected by the clerk of the state supreme court as untimely, and therefore the petitioner has not satisfied the exhaustion requirement by raising his claims at all levels of state court review.").

As noted above, a "mixed petition"—one that contains both exhausted and unexhausted claims—is generally subject to dismissal. *Rose*, 455 U.S. at 510, 522; *Pliler*, 542 U.S. at 230; *Rust*, 17 F.3d at 160. Nevertheless, "a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition." *Emery v. Rewerts*, No. 21-12673, 2022 WL 1036760, at *2 (E.D. Mich. Apr. 6, 2022) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). But here, dismissal of the petition without prejudice—and not the issuance of a stay—is appropriate.

> The option of a
>
> [s]tay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations [applicable to federal habeas actions] poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless."

*Gilmore v. Burton*, No. 16-CV-14512, 2017 WL 2062222, at *2 (E.D. Mich. May 15, 2017) (quoting *Rhines*, 544 U.S. at 277). The *Emery* court noted that in *Rhines v. Weber*,

10

> the United States Supreme Court adopted the stay and abeyance procedure specifically to address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. [*Rhines*, 544 U.S.] at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year [statute of limitations period applicable to federal habeas actions], the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the one-year statute of limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition.

*Emery*, 2022 WL 1036760, at *2 (first alteration added).

The circumstances of this case do not justify staying the petition and holding it in abeyance pending Petitioner's return to the state courts. Dismissal of the petition without prejudice is appropriate because Petitioner has time to exhaust his unexhausted claim in the state courts before returning to this Court with an amended petition, if he wishes to do so.

The applicable one-year statute of limitations for Petitioner to file a habeas petition runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the

11

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 2023. *Gonzalez*, 513 Mich. at 889. Because Petitioner did not file a petition for certiorari with the United States Supreme Court (ECF No. 1, PageID.3), the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1)(A) began to run after the ninety-day period for seeking certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009). Petitioner's judgment thus became final for purposes of § 2244(d)(1)(A) on January 29, 2024. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 749–50 (E.D. Mich. 2002). Therefore, the one-year statute of limitations for Petitioner to file a habeas petition runs until January 29, 2025.

Petitioner filed his petition with the Court on June 7, 2024, after a little over four months had run on the statute of limitations. Section 2244(d)(2) provides that the one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by a petitioner. 28 U.S.C. § 2244(d)(2); *see Jones v. Carl*, 605 F. Supp. 3d 1012, 1019 (E.D. Mich. 2022) (stating that "the [limitations] period will be

12

tolled while [the petitioner] pursues state collateral review" (citing 28 U.S.C. § 2244(d)(2))); *Emery*, 2022 WL 1036760, at *2 (stating that the "one-year period will . . . be tolled while any properly filed state post-conviction or collateral actions are pending" (citing 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002))); *Kares v. Morrison*, 77 F.4th 411, 416 (6th Cir. 2023) (Section 2244(d)(2) "permits the tolling of the limitations period during the time period during which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (quoting 28 U.S.C. § 2244(d)(2))), *reh'g denied*, No. 21-2845, 2023 WL 8687255 (6th Cir. Nov. 28, 2023). In other words, the limitations period will be tolled from the time Petitioner files for state post-conviction review until the time he completes such review in the state courts. *See id.*

Because Petitioner has over six months remaining in the one-year limitation period, and because the unexpired portion of that period would be tolled during the pendency of his state post-conviction proceedings, a stay is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 846

13

(E.D. Mich. 2001) ("Because this Court concludes that there is a substantial portion of the one-year statute of limitations that remains unexpired, which will allow petitioner to return to this Court after having exhausted all his claims in state court, it is unnecessary for this Court to stay the proceedings." (footnote omitted)); *Gilmore*, 2017 WL 2062222, at *3 ("Given that three months of the one-year period remains, the petitioner has sufficient time to exhaust his additional issues in the state courts and return to federal court should he wish to do so."). Regarding the other considerations for granting a stay, there is no evidence of intentional delay and Petitioner's unexhausted claim does not appear to be plainly meritless; however, Petitioner has not shown good cause for failing to exhaust all of his claims in the state courts before seeking federal habeas review. Thus, "a stay is unwarranted and a non-prejudicial dismissal is appropriate." *Gilmore*, 2017 WL 2062222, at *3.

Dismissal of the petition without prejudice is also appropriate because there is an equitable remedy available to Petitioner to preserve a federal forum for review of his claims. In *Hargrove v. Brigano*, the district court dismissed a habeas petition without prejudice so that the petitioner could exhaust his state remedies. 300 F.3d 717, 718 (6th Cir.

2002). The district court, acting prospectively, ordered the tolling of the one-year limitation period in § 2244(d)(1), effective the date the petition was filed, "on the condition that [the petitioner] pursue his state remedies within thirty days of the court's order and return to federal court within thirty days of exhausting his state remedies." *Id.* The Sixth Circuit found that "the decision to equitably toll the petition was reasonable under the circumstances of th[e] case and under the conditions set forth by the district court." *Id.* at 719. The Sixth Circuit stated that the district court

> set forth certain conditions in an attempt to ensure that th[e] case would move forward expeditiously. First, [the petitioner] must pursue his state remedies within thirty days of the district court's order and, second, he must return to federal court within thirty days of exhausting his state remedies. At this point, [the petitioner] has only one option in state court— he must file a delayed appeal with the Ohio Supreme Court. There is little room for delay in this process or within the confines set forth by the district court. Accordingly, we find that prospectively tolling § 2244(d)(1)'s one year limitation period was reasonable in this case.

*Id.* at 721.

Here, the Court adopts the prospective tolling mechanism with the conditions that the Sixth Circuit approved in *Hargrove*. The Court implements this approach to try "to ensure that this case . . . move[s] forward expeditiously." *Id.* The Court therefore dismisses the petition

15

without prejudice, and the one-year limitation period is tolled from June 7, 2024, the date Petitioner filed his petition, until Petitioner returns to federal court and files a new habeas petition. This tolling of the limitations period is contingent upon Petitioner complying with the conditions that appear below in Section IV of this Opinion and Order. The combination of these conditions and the current availability of a state-court remedy—filing a post-conviction motion for relief from judgment in Allegan County Circuit Court—leaves "little room for delay in this process or within the confines set forth by the . . . [C]ourt." *Id.*

### B. Certificate of Appealability and Permission to Proceed on Appeal *In Forma Pauperis*

The Court denies Petitioner a certificate of appealability. Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies habeas relief "on procedural grounds without reaching the prisoner's underlying

16

constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies Petitioner a certificate of appealability.

Further, the Court denies Petitioner permission to appeal *in forma pauperis* because an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

### IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Petitioner's application for a writ of habeas corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) is tolled from June 7, 2024—the date that Petitioner filed his habeas petition—until the time Petitioner returns to federal court to seek habeas corpus relief, provided that

Petitioner (1) pursues his state-court remedies within thirty days of the date of this Opinion and Order and (2) returns to federal court and files a new habeas petition under a new case number within thirty days of the completion of his state post-conviction proceedings.

IT IS FURTHER ORDERED that the Court DENIES Petitioner a certificate of appealability and permission to proceed on appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: July 19, 2024       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2024.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager